IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SURF MOORE**                                                                                          **PLAINTIFF**

v.                                                            CIVIL ACTION NO. 3:21-cv-00571-HTW-LGI

**JACOB LAW GROUP**                                                                            **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the *sua sponte* Motion to Dismiss Plaintiff's Complaint. Also before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [2]. After consideration of the record, relevant legal authority, and Plaintiff's submissions, the undersigned recommends that this civil action be dismissed for lack of federal jurisdiction and that the Motion for Leave to Proceed *in Forma Pauperis* [2] be denied, as discussed below.

On September 8, 2021, Surf Moore ("Plaintiff" or "Moore") filed his Complaint against Jacob Law Group and also moved for leave to proceed *in forma pauperis* ("IFP Motion"). *See* Doc Nos. [1] and [2]. A thorough review of *pro se* Plaintiff's Complaint [1] reveals that Moore has failed to raise any justiciable claims, and therefore, this Court recommends dismissal of the Complaint for lack of federal jurisdiction. Notably, a dismissal of the Complaint [1] would result in closure of this case and any pending motions, including the pending IFP Motion [2]. Therefore, Plaintiff's Motion to Proceed *in Forma Pauperis* is due to be denied.

"[F]ederal courts are courts of limited jurisdiction," and an initial review of Moore's submissions raises concerns whether jurisdiction exists in this court. *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989). Federal courts have limited jurisdiction—that is, have a limited power to hear cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019) (citing

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). The jurisdiction of the lower federal courts, such as this Court, "is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id*. (quoting *Kokkonen,* 511 U.S. at 377). This Court cannot adjudicate a case "absent a statutory basis." *Id*. (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)).

Through 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Id*. (citations omitted). "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id*. (quoting *Exxon Mobil Corp.*, 545 U.S. at 552). *See also Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (diversity of citizenship); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808–9 (1986) (federal question jurisdiction).

Here, the Court finds that no jurisdiction exists on either of these grounds. The Court notes that neither the facts alleged in Plaintiff's Complaint nor the testimony provided at the omnibus hearing[1], conceivably suggest federal claims under 28 U.S.C.A. § 1331. Plaintiff's lawsuit arises out of claims that,

> On August 31, 2021 Plaintiff [was] summon[ed] to judicial court for a [credit card] debt of a[n] invalid contract. No contract was ever produce[d] in judicial court. Defendants ha[ve] violated 42 1983 deprivation due process of liberty to acquire knowledge of contract. . . . Plaintiff need[s] original contract to show a defense for invalid contract, terms, condition. . . . Defendants could not show original contract. . . .

---

[1] On November 10, 2021, the Court held an omnibus hearing, wherein this Court elicited testimony and further details of Plaintiff's claims, as alleged in his Complaint. An omnibus hearing operates as a *Spears* hearing, *see Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

> The judicial court then stated we are past judgement on a[n] invalid contract information. [Yo]u can appeal the appeal in this venue has restrictions. Therefore, Surf Moore proceed this matter to Fed. Cts. to redress Defendant claim or relief Plaintiff 2 million in false claims, terms, conditions of a contract.

Doc. [1] at 3-6.

This Court, seeking clarification of the claims set forth in Plaintiff's Complaint, scheduled an omnibus hearing and elicited the following testimony from Plaintiff.

> THE COURT: [T]ell me in as plain a language as you can why is it that you're suing Jacob Law Group.
>
> MR. MOORE: I'm suing them because they got a fraud statement, fraud document, and they sued me for whatever it is. So they didn't have a contract. I said the claim was frivolous, so -- and they had no merits on the claim, so I brought the matter here.
>
> THE COURT: Okay. You attached to your documentation a sheet of paper called an abstract of judgment from Hinds County. Do you recall that?
>
> MR. MOORE: Right. That's their claim.
>
> THE COURT: Okay. And so, they sued you in Hinds County Court -- County Court?
>
> MR. MOORE: That's correct.
>
> THE COURT: And they obtained a judgment against you in the amount of $815.63. Is that correct?
>
> MR. MOORE: That's correct.
>
> THE COURT: And it appears the judgment was entered on August 31, 2021. Is that accurate to the best of your recollection?
>
> MR. MOORE: Yes, it is.
>
> THE COURT: Okay. And is what you're doing in this case here, are you trying to appeal the judgment that they've got against you in Hinds County? Is that what you're trying to do?
>
> MR. MOORE: No.
>
> THE COURT: Okay. Explain to me what you're trying to do in this Court.

MR. MOORE: I am filing a suit against the defendant for fraud claim.

THE COURT: Okay. In what way did they defraud you?

MR. MOORE: The documents. They don't have the contract.

THE COURT: And is the contract related to this Hinds County case?

MR. MOORE: Yes.

THE COURT: And in that Hinds County case, were you able to appear in court and defend yourself against that case?

MR. MOORE: Right.

THE COURT: Okay. And then the judge there decided to award a verdict for this entity, Jacob Law Group?

MR. MOORE: No. What they did was send it to appeal, and I haven't heard anything from it.

THE COURT: Okay. So you have filed an appeal of that judgment and you're awaiting ruling by a judge in Hinds County as well?

MR. MOORE: That's right.

THE COURT: And in the meantime, you filed this suit in federal court because they didn't give you a copy of the contract in Hinds County Court. Is that right?

MR. MOORE: That's correct.

THE COURT: Okay. Is there -- I want to be sure that I am fully understanding your case and giving you, you know, every opportunity -- this is your time to speak and explain anything about your case. Is there anything else about your case that I need to know beyond what we've discussed regarding them not having a copy of the contract that formed the basis for the judgment in Hinds County?

MR. MOORE: No, that's fine.

Doc. [5], Omnibus Hearing Transcript at 3:9-5:20.

This Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*,

4

546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). From the face of the Complaint and Plaintiff's own sworn testimony, it is apparent that subject matter jurisdiction does not exist here. Plaintiff's claims cannot proceed under diversity jurisdiction, as Plaintiff asserts no diversity of citizenship between, he and the Defendant. Rather, the Complaint sets forth that both parties are residents of Mississippi. Plaintiff attests that he is a resident citizen of Jackson, Mississippi, and Defendant is a resident citizen of Oxford, Mississippi. *See* Doc. [1] at 3. Thus, it does not appear there is diversity of citizenship under 28 U.S.C.A. § 1332(a)(1). The action also presents no federal question, under 28 U.S.C.A. § 1331. Thus, this Court has no jurisdiction over the action.

Further, in cases where IFP status is sought, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Even if Moore's Complaint is sufficient to establish subject matter jurisdiction, his Complaint fails to state a claim upon which relief may be granted. In the instant complaint and omnibus testimony, Plaintiff avers that he and Defendant are both residents of Mississippi, and that the Hinds County Court awarded Defendant $815.63 for the alleged debt. *See* Doc. [1], Doc. [5] at 4:3-5. He also admitted that he has appealed the judgment of the Hinds County Court, and he is currently awaiting a ruling on his appeal. *Id*. at 4:5-8. Yet in the meantime, he has filed the instant lawsuit in federal court, because he was not given a copy of the contract that governed the alleged debt held by Jacob Law Group. *Id*. at 4:9-12.

The undersigned finds that Plaintiff has set forth no justiciable claims and therefore recommends that this action be dismissed. Plaintiff has improperly filed this action in federal court, seeking to appeal a judgment from the Hinds County Court. *See* Complaint, Doc. [1] at 13. A

complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted). Liberally construing the Complaint [1], the undersigned finds that it does not state a claim upon which relief may be granted. Such conclusory and vague allegations are insufficient to survive a motion to dismiss for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." (emphasis added)); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (stating that conclusory allegations will not suffice to prevent a motion to dismiss).

In light of the foregoing recommendation that this case be dismissed for lack of jurisdiction, the pending IFP Motion must likewise be denied. "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, No. 1:09-cv-272-HSO-JMR, 2009 U.S. Dist. LEXIS 102760, 2009 WL 3431457 (S.D. Miss. Oct. 23, 2009). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Id.* (citing *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969)). Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [2] should be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

    1. Plaintiff's Complaint [1] be DISMISSED without prejudice.

2. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [2] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 27th day of February, 2024.

      /s/ LaKeysha Greer Isaac
    UNITED STATES MAGISTRATE JUDGE